(992 P.2d 226)

No. 82,212

STATE OF KANSAS, *Appellee*, v. TROY ALLEN RAPP, *Appellant*.

Opinion filed November 19, 1999.

*Brent Getty*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Christina Trocheck*, assistant county attorney, *Julie McKenna*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before LEWIS, P.J., GREEN and KNUDSON, JJ.

KNUDSON, J.: Troy Rapp appeals the district court's determination of his criminal history. Rapp's current crime of conviction is aggravated failure to appear, K.S.A. 21-3814. An element of aggravated failure to appear is "failing to surrender oneself within 30 days . . . by one who is *charged with a felony*." (Emphasis added.) In the underlying case supporting the crime of aggravated failure to appear, Rapp was charged with and ultimately convicted of two felonies in 96 CRM 1219 in Saline District Court.

The district court ruled that only one of the two underlying felonies in 96 CRM 1219 was a necessary element within the meaning of K.S.A. 21-4710(d)(11) and counted the other felony conviction in determining Rapp's criminal history. K.S.A. 21-4710(d) states:

"(11) Prior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level or applicable penalties, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction. Except as otherwise provided, all other prior convictions will be considered and scored."

Rapp contends the district court erred in counting one of the felonies in 96 CRM 1219 as criminal history since both are elements of aggravated failure to appear as charged by the State.

Both parties rely upon the holding in *State v. Taylor*, 262 Kan. 471, 939 P.2d 904 (1997). Taylor was charged with aggravated escape while in custody after multiple convictions in a consolidated case before the district court. In its charging document, the State relied only upon one of the convictions, possession of cocaine, to prove aggravated escape and argued the remaining convictions could be counted as criminal history. The district court disagreed. On appeal, the Supreme Court reversed, holding that the balance of convictions arising out of the consolidated cases could be used in determining Taylor's criminal history. 262 Kan. at 480.

Rapp argues that because the State did not specify in its charging document which felony conviction it was relying upon to support the charge of aggravated failure to appear, the State is precluded from counting either felony as criminal history.

Conversely, the State argued before the district court that *Taylor* permits the State to use only one felony to support the current criminal charge, and the balance of convictions that arise in the same previous criminal proceeding may be counted as criminal history.

We find ourselves unable to adopt either party's reasoning. Both parties and the district court lost sight of the fact that a felony conviction is not a legal predicate necessary to support a subsequent conviction for aggravated failure to appear. In *State v. DeAtley*, 11 Kan. App. 2d 605, Syl. ¶ 1, 731 P.2d 318, *rev. denied* 241 Kan. 839 (1987), this court held: "Aggravated failure to appear for violation of a bail bond, as defined in K.S.A. 21-3814, is a criminal offense in itself, separate and distinct from the underlying offense for which the bond was issued."

K.S.A. 21-4710(d)(11) speaks only to prior convictions. Under the holding in *DeAtley* and the unambiguous language of K.S.A. 21-3814, we conclude Rapp's felony convictions were not elements of aggravated failure to appear and both should have been counted as criminal history.

Unfortunately for the State, no cross-appeal has been filed, and we are disinclined to consider Rapp's sentence to be illegal. The State argued before the district court that only one of Rapp's convictions from 96 CRM 1219 was an element of aggravated failure to appear. The State should not now be allowed to repudiate its very argument before the district court. One who, by his or her own acts, invites error cannot then complain or take advantage of it on appeal. See *State v. Thomas*, 220 Kan. 104, 106, 551 P.2d 873 (1976).

Affirmed.