(64 P.3d 463)

No. 89,021

STATE OF KANSAS, *Appellant*, v. ISIDRO PEREZ-MORAN, *Appellee*.

Opinion filed March 7, 2003.

*Franklin T. Bruce*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Carla J. Stovall*, attorney general, for appellant.

*Cheryl I. Allen* and *Sam S. Kepfield*, of Legal Services for Prisoners, Inc., of Hutchinson, for appellee.

Before BEIER, P.J., WAHL, S.J., and PADDOCK, S.J.

WAHL, J.: The State of Kansas appeals from the sentence imposed upon the appellee for his conviction of attempted battery against a law enforcement officer pursuant to K.S.A. 2002 Supp. 21-3413(a)(2).

The State argues that Perez-Moran's criminal history should not have been amended to H because both his prior felonies could permissibly be included under K.S.A. 21-4710(d)(11). Specifically, the State contends that appellee's prior convictions were not elements of battery against a law enforcement officer and, therefore, should have been used in the computation of his criminal history score. We agree.

Because this issue is one solely of Kansas Sentencing Guidelines interpretation, this court's review is unlimited. *State v. Bolin*, 266 Kan. 18, 24, 968 P.2d 1104 (1998). We also keep in mind that

"[c]riminal statutes must be strictly construed in favor of the accused. Any reasonable doubt about the meaning is decided in favor of anyone subjected to

the criminal statute. The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. [Citation omitted.]" *State v. McGill*, 271 Kan. 150, 154, 22 P.3d 597 (2001).

At sentencing, the trial court determined that Perez-Moran's prior convictions, for which he was incarcerated at the time of the attempted batteries, could not be counted in his criminal history under K.S.A. 21-4710(d)(11), which provides:

"Prior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level or applicable penalties, elevate the classification from misdemeanor to felony, *or are the elements of the present crime of conviction*. Except as otherwise provided, all other prior convictions will be considered and scored." (Emphasis added.)

The statute under which Perez-Moran was convicted in this case is K.S.A. 2002 Supp. 21-3413, which provides in pertinent part:

"Battery against a law enforcement officer is a battery, as defined in K.S.A. 21-3412 and amendments thereto:

. . . .

(2) committed against a state correctional officer or employee by a person in custody of the secretary of corrections, while such officer or employee is engaged in the performance of such officer's or employee's duty."

The case upon which appellee primarily relies, and upon which the trial court appears to have based its decision, is *State v. Taylor*, 262 Kan. 471, 939 P.2d 904 (1997). In *Taylor*, the defendant was charged with aggravated escape from custody under K.S.A. 21-3810(a). The *Taylor* court held that all charges listed in the information for the new crime used to fulfill the element of "in lawful custody" could not be used to enhance a defendant's criminal history pursuant to K.S.A. 21-4710(d)(11), but that all other crimes could, and should, be used to compute the criminal history score under that same statute. 262 Kan. at 479-80.

There is a significant difference which distinguishes this case from *Taylor*. Aggravated escape requires that a defendant be "in lawful custody *upon a charge or conviction of a felony*." (Emphasis added.) K.S.A. 2002 Supp. 21-3810(a); 262 Kan. at 479. Battery or attempted battery of a law enforcement officer requires that the

defendant be "in custody of the secretary of corrections" at the time of commission of the crime. K.S.A. 2002 Supp. 21-3413(a)(2).

" 'In Kansas all crimes are statutory and the elements necessary to constitute a crime must be gathered wholly from the statute.' " *State v. Smith*, 245 Kan. 381, 396, 781 P.2d 666 (1989). Aggravated escape expressly requires a "charge or conviction" of a felony; battery of a law enforcement officer does not. The requirement that one be "in custody" to be guilty of battery on a law enforcement officer appears to be meant to establish the status of the perpetrator, *i.e.*, to distinguish between inmates, who are covered under the statute, and visitors, administrators, or other guards, who are not.

If proof of the crime of conviction were required, it would necessarily mean that juries would hear evidence of prior crimes since at least one would be needed to prove an element of the charged crime.

To provide proof of being "in custody," testimony of a warden or the Secretary of Corrections as to the status of a defendant on a given day would probably suffice. Proving custody for aggravated escape would apparently require production of a charging document or journal entry of conviction. Since criminal elements may only be derived from the statute, it appears to defy the plain language of K.S.A. 2002 Supp. 21-3413(a)(2) to require proof of a conviction. While it may be inherent that only felons may be "in custody," the legislature has not expressly established proof of conviction as an element of the crime of battery against a law enforcement officer as it has for aggravated escape.

Because Perez-Moran's two prior felony convictions do not appear to fall under any exception under K.S.A. 21-4710(a) and (d)(11), both convictions should have been included in his criminal history score. The trial court erred when it amended appellee's score.

Sentence vacated and remanded for resentencing.