NOT DESIGNATED FOR PUBLICATION

No. 111,887

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANIEL SEMOTUK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed September 11, 2015. Affirmed.

*Vincent Rivera*, of Olathe, for appellant.

*Paul E. Brothers*, legal intern, *Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., ARNOLD-BURGER, J., and JOHNSON, S.J.

*Per Curiam*: Daniel Semotuk pled guilty to three charges of stalking under K.S.A. 2010 Supp. 21-3438(a)(3). When he was sentenced, his criminal history score was calculated as a C based in part on the conversion of three person misdemeanors into one person felony. Semotuk claimed this was an error because the misdemeanors were also used as proof of the underlying offense. The district court denied Semotuk's motion challenging his criminal history score as moot because when the motion was heard, Semotuk had already served out his entire sentence. Because we find that the failure to resolve the issue of his criminal history score in this case will not adversely affect

1

Semotuk's legal rights in the future, we affirm the district court and likewise find the issue moot.

FACTUAL AND PROCEDURAL HISTORY

Over the course of a little more than a year, Semotuk was convicted in five separate cases for crimes related to his actions towards an ex-girlfriend. Three of the charges, contained in case Nos. 10DV459 and 10DV802, were person misdemeanors for violating a protection order. These three person misdemeanors were converted into one person felony for purposes of calculating Semotuk's criminal history score in two later cases in which he pled guilty to stalking (case Nos. 11DV80 and 10DV1285) in violation of K.S.A. 2010 Supp. 21-3438(a)(3).

Sometime after Semotuk was sentenced he filed a motion challenging his criminal history score. He argued that the State erred in calculating his criminal history score when it included the three misdemeanors for violating a protection order in its calculation. Semotuk argued this was improper because the misdemeanors were also an element of the offense with which he was charged. The motion was stayed pending a separate appeal to this court.

By the time a hearing was held on the motion, Semotuk had been released from prison and his postrelease supervision period had ended. At the hearing, the district court questioned its ability to decide the issue based on a concern that it was moot. Semotuk responded by arguing the claim was not moot because he could face legal consequences in the future as a result of the district court's failure to resolve the issue. The district court rejected Semotuk's argument and determined that the issue was moot.

2

*Semotuk's claim is moot.*

Semotuk appeals the district court's decision to deny his motion challenging his criminal history score because it was moot. An issue is moot when it is "'clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.' [Citation omitted.]" *State v. Montgomery*, 295 Kan. 837, 840-41, 286 P.3d 866 (2012). Mootness is a doctrine of court policy developed through judicial precedent, over which appellate courts exercise unlimited review. 295 Kan. at 841.

At this time, as well as when the district court held its hearing on his motion, Semotuk has completed both his prison sentence and his postrelease supervision period, so his obligation to the Department of Corrections has ceased. Despite this, Semotuk argues the sentencing issue is not moot because the determination of his criminal history score in this case could impact him in the future, should he be convicted of another crime, by shifting the burden of proof regarding criminal history from the State to himself. This argument invokes an exception to the mootness doctrine that allows courts to hear an otherwise moot claim if failure to resolve the issue may adversely affect the legal rights of the appealing party in the future. See *State v. Flanagan*, 19 Kan. App. 2d 528, 529, 873 P.2d 195 (1994). So, we must examine whether Semotuk's legal rights will be adversely affected in the future due to the court's criminal history score determination in this case.

K.S.A. 2010 Supp. 21-4715(c) places the initial burden of proving a defendant's criminal history on the State. However, if a defendant challenges a criminal history that "has been previously *established*" the burden of proof shifts to the defendant. (Emphasis added.) K.S.A. 2010 Supp. 21-4715(c). Determining what it means to have established

the defendant's criminal history is the key to resolving Semotuk's claim; if, as he claims, criminal history is established simply by being contained in a presentence investigation report (PSI) used by a court on a prior occasion, then Semotuk is correct that the issue is not moot because the PSI in this case will have a future impact on his legal rights. However, if something more is required to establish a defendant's criminal history, then the issue is moot because, in this case, Semotuk's criminal history score was based entirely on the contents of the PSI.

The Court of Appeals addressed this issue in *State v. Scott-Kwofie*, No. 105,108, 2011 WL 6943081 (Kan. App. 2011) (unpublished opinion). In *Scott-Kwofie*, the defendant challenged a conviction contained in his PSI report prepared in the case. The State responded that, because the conviction was listed in a PSI report from a prior case that the defendant had not challenged, the burden shifted to the defendant to prove the report was incorrect. The district court agreed, reasoning that once the criminal history was admitted by the court the burden shifting was triggered.

On appeal, this court recognized that, generally, a district court is able to take judicial notice of a prior PSI and that this notice is sufficient evidence of criminal history for the State to meet its initial burden of proof. 2011 WL 6943081, at *5. However, the judicially noticed PSI is only sufficient to meet the initial burden of proof. If a defendant challenges any portion of the PSI, the State is still required by K.S.A. 2010 Supp. 21-4715(c) to present additional specific evidence regarding disputed convictions. 2011 WL 6943081, at *5. It is in this way, through the presentation of additional evidence, that the State establishes a defendant's criminal history. 2011 WL 6943081, at *5. It is only after this type of determination on the merits has been made that the burden of proof shifts to the defendant to disprove the disputed portion of the criminal history report in either the current or future cases. 2011 WL 6943081, at *5. Criminal history cannot be established merely by "acquiescing in or fail[ing] to object to a prior PSI report." 2011 WL 6943081, at *5.

4

Here, Semotuk did not dispute, as he does on appeal, the conversion of three of his person misdemeanors into one person felony on the criminal history report that was used to sentence him in this case. Because he did not dispute it, the State was not required to establish, or prove, his criminal history. As a result, if Semotuk is again convicted of a crime, he will be able to challenge his criminal history at that time without initially bearing the burden of proof. Therefore, Semotuk will face no legal consequences in the future if the court declines to resolve this issue now. No exception to mootness doctrine applies.

Additionally, as the district court pointed out during the hearing at which it determined this issue was moot, even if Semotuk is charged with an additional crime in the future, the criminal history issue he is complaining of here will not cause a problem because the issue is unique to the charges in this case. Semotuk's motion raised a challenge not to the overall findings regarding his criminal history, but rather to his criminal history as applied. He argued that several prior person misdemeanors were improperly converted into one person felony in this case because, as discussed below, they were also used to establish or enhance the charge in this case. This point adds another independent basis for finding the issue moot by emphasizing the impossibility of repetition.

Because Semotuk's claim is moot, we decline to consider it and find the district court was correct in dismissing his postsentencing challenge to his criminal history score as moot.

We pause to note, that even if Semotuk's claim is not moot, his claim fails. Semotuk is correct that K.S.A. 2010 Supp. 21-4710(d)(11) prohibits prior convictions from being used both as an element of a crime charged and to calculate criminal history score. However, the scope of this prohibition is narrow. See *State v. Perez-Moran*, 276 Kan. 830, 80 P.3d 361 (2003). To come under the reaches of this statute, prior

5

convictions must be "elements of the present crime of conviction." K.S.A. 2010 Supp. 21-4710(d)(11). The Kansas Supreme Court has explained that a prior conviction does not fall into this category if it is used merely to establish the status of the defendant in a case. 276 Kan. at 834.

Here, Semotuk was convicted of stalking after having been served with a protective order in violation of K.S.A. 2010 Supp. 21-3438(a)(3). The elements of the crime for which he was convicted are: (1) after having been served with a protective order, and (2) contacting a targeted person, or (3) engaging in an act that would cause a reasonable person to fear for his or her safety or for the safety of his or her immediate family and causing such fear. K.S.A. 2010 Supp. 21-3438(a)(3). The first element—after having been served with a protective order—requires only that a protective order was in place at the time the defendant contacted the targeted person. The protective order could have been issued, as in this case, as a result of a criminal conviction, or it could have been issued at other times during the prosecution process, for instance, as a condition of pretrial release or diversion. K.S.A. 2010 Supp. 21-3438(a)(3). It is the existence of a prior protective order that is the crucial element that must be present to convict a defendant of stalking under this statute, not whether there was a prior criminal conviction related to that order. As in *Perez-Moran*, the prior offense is only necessary to establish Semotuk's status as one who has been provided with notice that a protection order has been issued against him. Accordingly, Semotuk's prior convictions were not elements of the crime in this case, nor were they used to enhance his sentence. Since the convictions do not fall into the category of prior convictions barred by K.S.A. 2010 Supp. 21-4710(d)(11) from being considered when calculating a defendant's criminal history score, the trial court did not err in using the prior crimes to calculate his criminal history score.

Affirmed.