NOT DESIGNATED FOR PUBLICATION

No. 107,798

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CARLOS DELGADO GONZALES,
*Appellant*.

MEMORANDUM OPINION

Appeal from McPherson District Court; RICHARD B. WALKER, judge. Opinion filed January 22, 2016. Affirmed in part, vacated in part, and remanded with directions.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Jamie L. Karasek*, deputy county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., HILL and STANDRIDGE, JJ.

*Per Curiam*: Carlos Delgado Gonzales appeals from his convictions and sentences for vehicular burglary, criminal damage to property, and battery against a law enforcement officer. For the reasons stated below, we affirm Gonzales' convictions. Given the district court erred in scoring a previous out-of-state conviction as a person felony, we must vacate Gonzales' sentence and remand for further proceedings to determine whether his Arizona second-degree burglary conviction should be classified as a person or nonperson offense for criminal history purposes.

1

In the early morning hours of August 10, 2011, McPherson Police Officer Jerry Montagne responded to a Kwik Shop, where a vehicular burglary had been reported. Law enforcement arrested and handcuffed Gonzales after numerous witnesses identified him as the perpetrator of the crime. Gonzales was intoxicated, agitated, and yelling as Montagne and another officer placed him in the backseat of Montagne's patrol car. Upon arrival at the sally port of the county jail, Montagne removed Gonzales from the patrol car and took him into the booking area inside the jail, where Montagne turned Gonzales over to correctional personnel for processing. Processing inmates into the jail required a pat-down search to remove all contraband and excess materials from their person and clothing. Gonzales was in front of the counter in the booking area. He was still handcuffed because he was being combative, threatening officers, and resisting restraint. Corporal Randy Voran, a McPherson County Correctional Officer, was assisting in the pat-down search when Gonzales threw his head back and struck Voran in the right temple.

The State charged Gonzales with one count each of vehicular burglary, criminal damage to property, and battery against a law enforcement officer. A jury convicted Gonzales as charged. According to the presentence investigation (PSI) report, Gonzales' criminal history included a 2002 Arizona juvenile adjudication identified on the report as "Burglary 2nd Degree-Residence" that was classified as a juvenile person felony. Gonzales and his attorney reviewed the PSI report, and Gonzales personally agreed at the sentencing hearing that the report was an accurate reflection of his criminal history. Accordingly, the district court set Gonzales' criminal history score at C and sentenced him to a controlling 57-month prison term.

ANALYSIS

Gonzales raises the following three points of error on appeal: (1) the evidence was insufficient to support his conviction of battery against a law enforcement officer, (2) the district court erred in failing to instruct the jury on battery as a lesser included offense of battery against a law enforcement officer, and (3) the district court erred by classifying his prior Arizona burglary adjudication as a person felony. We address each allegation of error in turn.

1. *Battery against a law enforcement officer*

Gonzales argues that the State failed to present sufficient evidence to support his conviction for battery against a law enforcement officer.

When the sufficiency of evidence is challenged in a criminal case, the appellate court reviews all the evidence in the light most favorable to the prosecution. The conviction will be upheld if the court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt based on that evidence. In determining whether there is sufficient evidence to support a conviction, the appellate court generally will not reweigh the evidence or the credibility of witnesses. *State v. Williams*, 299 Kan. 509, 525, 324 P.3d 1078 (2014). To the extent that Gonzales' argument requires us to engage in statutory interpretation, this involves a question of law over which appellate courts have unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12, *cert. denied* 135 S. Ct. 91 (2014).

In order for the jury to find Gonzales guilty of battery against a law enforcement officer, the State was required to prove that (1) Gonzales intentionally caused physical contact with Corporal Voran in a rude, insulting, or angry manner; (2) Corporal Voran was a county correctional officer and Gonzales was confined in a county jail facility; (3)

Corporal Voran was engaged in the performance of his duty; and (4) the act occurred on or about August 10, 2011, in McPherson County, Kansas. See K.S.A. 2014 Supp. 21-5413(c)(3)(D).

Gonzales claims the evidence was insufficient to support his conviction because there was no evidence presented that he was "'confined in'" the county jail facility when the incident occurred since he was in the booking area of the jail and had not yet been processed, confined to a cell, or had any charges filed against him. For support, Gonzales cites *State v. Perez-Moran*, 276 Kan. 830, 80 P.3d 361 (2003).

In *Perez-Moran*, the Kansas Supreme Court considered the legislature's intent in elevating the severity level of the crime of battery against a law enforcement officer, as defined in K.S.A. 2002 Supp. 21-3413(a) (the prior version of K.S.A. 2014 Supp. 21-5413[c]), to a felony when an individual confined in a correctional facility commits a battery against a correctional institution employee. The *Perez-Moran* court stated: "[T]he structure of the statute demonstrates an intent to promote order and safety in prisons, juvenile facilities, and jails by providing a stronger deterrent to inmates contemplating battering an officer or employee." 276 Kan. at 839-40. Gonzales suggests that the Supreme Court's use of the word "'inmates'" evidences an intent by the legislature to restrict the statute's application to persons who are actually confined in the jail in a legal sense, not persons who are merely within the physical boundaries of the jail. Because the State did not present any evidence that he was an inmate at the jail, Gonzales claims the State failed to prove that he was "confined in" the jail.

Gonzales' reliance on *Perez-Moran* is misplaced. The Supreme Court's use of the word "inmates" in describing the crime of battery against a law enforcement officer should not be read as the legislature restricting the statute's application to those persons in jail by court order and in a cell. The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v.*

4

*Williams*, 298 Kan. 1075, 1079, 319 P.3d 528 (2014). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *State v. Brooks*, 298 Kan. 672, 685, 317 P.3d 54 (2014). Gonzales' argument would have this court read a requirement into the statutory definition of battery against a law enforcement officer that is not found there. K.S.A. 2014 Supp. 21-5413(c)(3)(D) does not differentiate between battery that occurs within different areas of a correctional facility or jail. Gonzales' reading of the statute would severely restrict the protections afforded to correctional officers and is in direct contrast to the legislative intent to promote order and safety in prisons, juvenile facilities, and jails and to provide a deterrent to the battering of correctional officers, as expressed by the *Perez-Moran* court. See 276 Kan. at 839-40.

Moreover, a panel of this court previously has rejected an identical argument under circumstances similar to those present here. See *State v. Burgess*, No. 107,739, 2013 WL 1010583 (Kan. App. 2013) (unpublished opinion). In *Burgess*, the State charged the defendant with battery against a correctional officer under K.S.A. 21-3413(a)(3)(D) after he struck a deputy sheriff in the booking area of an adult detention facility. The district court held there was insufficient evidence to bind the defendant over on the charge because he was not "'confined'" within the meaning of the statute, as the booking room of the adult detention center was not part of a county jail facility. 2013 WL 1010583, at *2. On appeal by the State, the defendant argued that the word "'confined'" was distinguishable from the term "'in custody.'" This court disagreed, holding that "'confine'" is a common word, which must be accorded its ordinary meaning. The court noted that the word is defined by various sources as meaning "'[t]o keep within bounds,'" "'[t]o keep shut up,'" "'[t]o restrict in movement,'" "'to hold within a location,'" "'imprison,'" and "'to keep within limits.'" 2013 WL 1010583, at *2. The court further noted that the term "confinement" is defined as "'[t]he act of imprisoning or restraining someone; the state of being imprisoned or restrained[,]'" "'detention in [a] penal

5

institution[,]'" and "being '[d]eprived of liberty.'" 2013 WL 1010583, at *2. The *Burgess* court concluded:

> "Under any of these ordinary meanings of the common word, Burgess was clearly 'confined.' He was within the 'brick and mortar' of a jail facility and his movements were restricted. He was in the booking lounge, not the public lounge area. He was already in jail clothing as the booking officer was preparing to process his admission. He was under arrest and, clearly and admittedly, he was not free to leave the facility." 2013 WL 1010583, at *3.

As a result, the court in *Burgess* held the State had presented sufficient evidence to establish that the defendant was confined in a jail facility when he struck the deputy. The court also recognized several reasons why the legislature's choice to make battery against a correctional officer a more serious crime than a similar battery against a law enforcement officer is not unreasonable: there has already been a probable cause determination to arrest a person being taken to jail; corrections personnel are usually not armed; and an attack upon a corrections officer in one part of a jail facility could draw other officers to respond, compromising security in other areas of the jail. 2013 WL 1010583, at *4.

These justifications for an enhanced penalty apply equally to a booking area as to any other area of a jail, because the need to promote order and safety there is just as great as in an individual cell. Gonzales was not wearing jail clothing at the time the battery occurred, but the circumstances were otherwise identical to those present in *Burgess*. Gonzales was under arrest and handcuffed in the booking area of the county jail while waiting to be processed. Thus, it is uncontroverted that Gonzales was within the "brick and mortar" of the jail facility and was not free to leave the confines of the jail. Viewed in the light most favorable to the State, this evidence established Gonzales was confined in the county jail when he committed the battery. Therefore, the evidence was sufficient to support his conviction for battery against a law enforcement officer.

6

2. *Lesser included offense*

Gonzales alleges the district court erred by failing to instruct the jury on battery as a lesser included offense of battery against a law enforcement officer.

A district court is required to instruct the jury not only as to the crime charged but also as to lesser included offenses where there is some evidence that would reasonably justify a conviction of the lesser included offense. K.S.A. 2014 Supp. 22-3414(3); *State v. Armstrong*, 299 Kan. 405, 432, 324 P.3d 1052 (2014). This duty to instruct applies even if the evidence is weak, inconclusive, and consists solely of the defendant's testimony. *State v. Maestas*, 298 Kan. 765, Syl. ¶ 6, 316 P.3d 724 (2014).

Gonzales concedes he did not request this instruction at trial. A party cannot claim error for the district court's giving or failing to give a jury instruction unless (1) the party objects before the jury retires, stating distinctly the matter to which the party objects and the grounds for the objection or (2) the instruction or the failure to give the instruction is clearly erroneous. *State v. Smyser*, 297 Kan. 199, 204, 299 P.3d 309 (2013). The appellate court uses a two-step process in determining whether the challenged instruction was clearly erroneous:  (1) the court must determine whether there was any error at all by considering whether the subject instruction was legally and factually appropriate, employing an unlimited review of the entire record and (2) if the court finds error, it must assess "'whether it is firmly convinced that the jury would have reached a different verdict had the instruction error not occurred.'" 297 Kan. at 204. Reversibility is subject to unlimited review and is based on the entire record. The party claiming error in the instructions has the burden to prove the degree of prejudice necessary for reversal. *State v. Betancourt*, 299 Kan. 131, 135, 322 P.3d 353 (2014).

*Legally appropriate*

To be legally appropriate, a jury instruction on battery must be a lesser included crime of battery against a law enforcement officer. Whether a crime is a lesser included offense of another is a question of law over which an appellate court has unlimited review. *Armstrong*, 299 Kan. at 432.

K.S.A. 2014 Supp. 21-5109(b)(2) defines a lesser included crime to include "a crime where all elements of the lesser crime are identical to some of the elements of the crime charged." K.S.A. 2014 Supp. 21-5413(c)(3)(D) requires the State to prove a battery under K.S.A. 2014 Supp. 21-5413(a) in order to convict a defendant of battery against a law enforcement officer. K.S.A. 2014 Supp. 21-5413(c)(3)(D) requires additional proof that the battery was committed against a correctional officer or employee engaged in the performance of his or her duty by a person confined in a city or county jail facility. Therefore, by definition, K.S.A. 2014 Supp. 21-5413(a) is a lesser included offense of K.S.A. 2014 Supp. 21-5413(c)(3)(D).

*Factually inappropriate*

But even if a jury instruction on burglary would have been legally appropriate, failure to instruct on the lesser included crime is erroneous only if the instruction would have been factually appropriate under K.S.A. 2014 Supp. 22-3414(3). *State v. Molina*, 299 Kan. 651, 661, 325 P.3d 1142 (2014). Where there is some evidence that could reasonably justify a conviction of some lesser included crime, then the judge must instruct the jury as to the crime charged and any such lesser included crime. *Armstrong*, 299 Kan. at 432. The standard of review is whether, after review of all the evidence viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty of the lesser crime. 299 Kan. at 433.

Gonzales suggests that a battery instruction was factually appropriate here because the evidence regarding whether he was confined in the jail was unclear at best. As previously discussed, however, the evidence presented at trial clearly established that Gonzales was confined in the jail. Moreover, there was no evidence presented that would indicate Corporal Voran was not a correctional officer engaged in the performance of his duty when he was struck by Gonzales. Therefore, if the jury believed Gonzales committed battery, then he was guilty of violating K.S.A. 2014 Supp. 21-5413(c)(3)(D). See *State v. Trujillo*, 225 Kan. 320, 322, 590 P.2d 1027 (1979) (no error in failing to provide instruction on battery as lesser included offense of battery against law enforcement officer where evidence at trial excluded theory of guilt on battery); *State v. Hunter*, 41 Kan. App. 2d 507, 521-22, 203 P.3d 23 (same), *rev. denied* 289 Kan. 1282 (2009).

Because the evidence at trial excluded the possibility of Gonzales being found guilty of simple battery, an instruction on battery was not factually appropriate and the district court did not err by failing to so instruct the jury. As a result, we need not reach the second step of the clear error analysis.

3. *Criminal history*

Gonzales challenges the classification of his 2002 Arizona burglary adjudication as a person offense for purposes of calculating his criminal history score. Gonzales argues that, by making factual determinations about the Arizona burglary, the district court violated his constitutional rights as articulated in *Descamps v. United States*, 570 U.S. __, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). In response, the State claims Gonzales' claim is barred by the invited error doctrine because Gonzales failed at sentencing to challenge his criminal history score or object to the accuracy of the PSI

9

report. In the alternative, the State claims the district court properly treated the adjudication as a person felony because the Arizona and Kansas burglary statutes are comparable as a matter of law; thus, the district court did not need to make any factual determinations in classifying the Arizona crime as a person felony.

Although Gonzales did not challenge the person classification of the 2002 Arizona burglary in the district court, he may do so for the first time on appeal. In *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015), our Supreme Court held that "a legal challenge to the classification of a prior adjudication for purposes of lowering [one's] criminal history score[]can be raised for the first time on appeal pursuant to K.S.A. 22-3504(1)." See K.S.A. 22-3504(1) (authorizing court to "correct an illegal sentence at any time"); *State v. Jones*, 279 Kan. 809, 810, 112 P.3d 123 (2005) (defining illegal sentence in part as "one that does not conform to the statutory provisions, either in the character or the term of the punishment authorized"); see also *State v. Weber*, 297 Kan. 805, 814-15, 304 P.3d 1262 (2013) (defendant cannot agree to an illegal sentence).

Given the absence of any procedural bar, we turn to the merits of Gonzales' claim that the district court erred by classifying his prior Arizona burglary adjudication as a person felony instead of a nonperson offense for purposes of calculating his criminal history score. Whether a prior conviction should be classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Keel*, 302 Kan. 560, 571, 357 P.3d 251 (2015), *cert. denied* __ U.S. __ (January 11, 2016). Recently, the Kansas Supreme Court made clear that a prior crime's classification as person or nonperson is determined based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed. 302 Kan. at 589.

We begin our analysis with Ariz. Rev. Stat. Ann. § 13-1507(A), the subsection of the Arizona statute governing the crime of second-degree burglary that forms the basis for Gonzales' prior conviction. In 2002, this subsection of the statute provided: "A person commits burglary in the second degree by entering or remaining unlawfully in or on a residential structure with the intent to commit any theft or any felony therein." Ariz. Rev. Stat. Ann. § 13-1507(A). Also relevant to our discussion is K.S.A. 2011 Supp. 21-5807, the Kansas burglary statute, which at the time Gonzales committed the offenses of vehicular burglary, criminal damage to property, and battery against a law enforcement officer, provided:

> "(a) Burglary is, without authority, entering into or remaining within any:
> (1) Dwelling, with intent to commit a felony, theft or sexual battery crime therein;
> (2) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexual battery therein; or
> (3) vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexual battery therein."
> K.S.A. 2011 Supp. 21-5807(a).

Burglary as defined in K.S.A. 2011 Supp. 21-5807(a)(1) is a person felony, but burglary as defined in K.S.A. 2011 Supp. 21-5807(a)(2) or (a)(3) is a nonperson felony. K.S.A. 2011 Supp. 21-5807(c)(1)(A)-(C).

Finally, K.S.A. 2011 Supp. 21-6811(e) also is relevant. It states:

> "(e) Out-of-state convictions and juvenile adjudications shall be used in classifying the offender's criminal history. An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction. If a crime is a felony in another state, it will be counted as a felony in Kansas. The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson comparable offenses shall be referred to. If the state of Kansas does not have a

11

comparable offense, the out-of-state conviction shall be classified as a nonperson crime. Convictions or adjudications occurring within the federal system, other state systems, the District of Columbia, foreign, tribal or military courts are considered out-of-state convictions or adjudications. The facts required to classify out-of-state adult convictions and juvenile adjudications shall be established by the state by a preponderance of the evidence."

Relying on K.S.A. 2011 Supp. 21-6811(e), Gonzales claims Kansas does not have an offense comparable to the offense of second-degree burglary under Ariz. Rev. Stat. Ann. § 13-1507(A) and therefore his out-of-state conviction must be classified as a nonperson crime. Gonzales argues that under the Arizona statute, "[a] person commits burglary in the second degree by entering or remaining unlawfully in *or on* a residential structure with the intent to commit any theft or any felony therein" whereas the comparable Kansas burglary statute is limited to burglaries committed by "entering into or remaining within" a residential structure or dwelling with the intent to commit a felony, theft, or sexual battery therein. In support of his argument, Gonzales cites to *State v. Alvarez*, No. 1 CA-CR 12-0044, 2012 WL 5894857 (Ariz. App. 2012), where a man was prosecuted and convicted of second-degree burglary under Ariz. Rev. Stat. Ann. § 13-1507(A) for being on the roof of a dwelling and stealing parts of the air conditioning unit housed on that roof. Because the act of remaining unlawfully *on a* residential structure would not violate the Kansas burglary statute, Gonzales claims the district court erroneously looked beyond the language of the Arizona second-degree burglary statute to make factual findings without requiring the State to prove those facts beyond a reasonable doubt. See *Descamps*, 133 S. Ct. 2276; *Apprendi*, 530 U.S. 466.

Under the analysis in *Descamps*, which was adopted in Kansas by our Supreme Court in *Dickey*, 301 Kan. at 1021, a court may use one of two approaches to determine whether a prior conviction may be used for sentencing purposes. The categorical approach is appropriate "when the statute forming the basis of the defendant's prior conviction contains a single set of elements constituting the crime." 301 Kan. at 1037. In

12

such a case, the court determines whether a prior conviction may be used for sentencing purposes by comparing the elements of the two crimes. If, however, the elements of the prior crime of conviction are the same as or more narrow than the later offense, the prior crime may be used for sentencing purposes. See 301 Kan. at 1037.

The second approach, the modified categorical approach, "applies when the statute forming the basis of the prior conviction is a 'divisible statute,' *i.e.*, a statute which includes multiple, alternative versions of the crime and at least one of the versions matches the elements of the generic offense." 301 Kan. at 1037. Relevant here, second-degree burglary under Ariz. Rev. Stat. Ann. § 13-1507(A) is a statute which includes multiple, alternative versions of the crime and at least one of the versions matches the elements of the current version of the Kansas burglary statute. Both the Arizona and the Kansas statutes allow for convictions when a person enters or remains unlawfully in a residential structure; *i.e.*, a dwelling. Accordingly, it is possible that there are at least two instances where the elements of the Arizona second-degree burglary statute could match the elements of the Kansas burglary statute. Yet, as Gonzales' correctly argues, it is possible that his 2002 Arizona second-degree conviction did not involve these elements.

Given the Arizona statute includes multiple, alternative versions of the offense of second-degree burglary and at least one of the versions matches the elements of the Kansas offense of generic burglary, the modified categorical approach as described in *Descamps* and *Dickey* is the proper method to determine whether Gonzales' prior conviction may be used for sentencing purposes. That approach allows a sentencing court, without running afoul of *Apprendi*, "to look beyond the elements of the statute and examine a limited class of documents to determine 'which of a statute's alternative elements formed the basis of the defendant's prior conviction.'" *Dickey*, 301 Kan. at 1037-38. Such documents include "charging documents, plea agreements, jury instructions, verdict forms, and transcripts from plea colloquies as well as findings of fact and conclusions of law from a bench trial." 301 Kan. at 1038.

Based on the foregoing analysis, we must vacate Gonzales' sentence and remand for further proceedings to determine whether his Arizona second-degree burglary conviction should be classified as a person or nonperson offense for criminal history purposes. At resentencing, the district court may examine documents related to the Arizona second-degree burglary conviction for purposes of determining the nature of the offense, including charging documents, plea agreements, jury instructions, verdict forms, and transcripts from plea colloquies as well as findings of fact and conclusions of law from any bench trial. See *Dickey*, 301 Kan. at 1038. If the district court is unable to determine the basis of the Arizona second-degree burglary conviction or if the court determines that it involved the act of remaining unlawfully *on a* residential structure, then there is no comparable Kansas offense and the Arizona second-degree burglary conviction must be classified as a nonperson felony. However, if the district court determines that the Arizona second-degree burglary conviction involved unauthorized entry into or remaining within any a dwelling with intent to commit a felony, theft, or sexual battery therein, then the Arizona second-degree burglary conviction can be classified as a person felony.

Gonzales' convictions are affirmed, but the sentence imposed is vacated and the matter remanded for further proceedings to determine whether his Arizona second-degree burglary conviction should be classified as a person or nonperson offense for criminal history purposes.