(80 P.3d 404)
No. 89,046 ■

STATE OF KANSAS, *Appellee*, v. MARCUS T. BROWN, *Appellant*.

Opinion filed May 16, 2003.

*Sam S. Kepfield*, of Legal Services for Prisoners, Inc., of Hutchinson, for the appellant.

*Franklin T. Bruce*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Phill Kline*, attorney general, for the appellee.

Before GREEN, P.J., ELLIOTT and PIERRON, JJ.

PIERRON, J.: Marcus T. Brown appeals from the district court's denial of his motion to correct an illegal sentence pursuant to K.S.A. 22-3504. We affirm.

While serving sentences for burglary and obstructing legal process, Brown escaped from the work release unit at the Hutchinson Correctional Facility on July 18, 2000. A day later, he turned himself in to authorities.

On September 12, 2000, Brown pled no contest to attempted aggravated escape from custody. The charging information did not include either of the crimes for which Brown was in custody at the time of his escape. Brown's criminal history included four nonperson felonies and four misdemeanors, which equated to a criminal history score of E. Brown objected to his criminal history, but this was overruled.

On May 20, 2002, Brown filed a motion to correct an illegal sentence pursuant to K.S.A. 22-3504. A hearing was held May 24, 2002; Brown's motion was denied.

Brown argues that his criminal history score was incorrectly determined to be E because his prior convictions should not have been included in his criminal history score pursuant to K.S.A. 21-4710(d)(11). Specifically, Brown contends his prior crimes could not be included in his criminal history score because they are elements of attempted aggravated escape from custody.

This issue involves interpretation of the Kansas Sentencing Guidelines Act, K.S.A. 21-4701 *et seq.*, and this court's review is unlimited. *State v. Bolin*, 266 Kan. 18, 24, 968 P.2d 1104 (1998).

"Criminal statutes must be strictly construed in favor of the accused. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute. The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. [Citation omitted.]" *State v. McGill*, 271 Kan. 150, 154, 22 P.3d 597 (2001).

Central to the analysis of this issue is the statutory subsection under which Brown was convicted. Both the complaint and journal entry of conviction indicated that Brown was charged and convicted under K.S.A. 2002 Supp. 21-3810 but provided no section or subsection. However, a close inspection of the record strongly suggests that Brown was convicted under K.S.A. 2002 Supp. 21-3810(a)(7). This was verified by Brown in his brief.

Brown's presentence investigation (PSI) report lists the violated statute as K.S.A. 2002 Supp. 21-3810(a)(2) and (7). K.S.A. 2002 Supp. 21-3810(a)(2) does not appear appropriate because that section pertains only to individuals in custody due to juvenile charges or adjudications. The crimes for which Brown was incarcerated at the time of his escape were adult nonperson felonies.

Also, severity level 7 was indicated on the complaint, journal entry, and PSI report for the attempted escape charge. Because Brown was convicted of attempted aggravated escape, the severity level of his crime of conviction was required to be lowered two levels from that indicated for the completed crime. K.S.A. 21-3301(c). The only subsections for which a severity level 5 is indicated are (a)(2), (a)(7), (b)(2), and (b)(7). K.S.A. 2002 Supp. 21-3810(c)(2), (4). K.S.A. 2002 Supp. 21-3810(b) does not pertain to the present case, as it requires the use or threat of violence to

effectuate escape, which is not indicated within the record. As mentioned, subsection (a)(2) also does not apply. Finally, subsection (a)(7) requires that the escapee be incarcerated at an institution listed under K.S.A. 75-5202. Hutchinson Correctional Facility satisfies this requirement. Hence, it is reasonable to conclude Brown was convicted under K.S.A. 2002 Supp. 21-3810(a)(7).

K.S.A. 2002 Supp. 21-3810 provides: "Aggravated escape from custody is: (a) Escaping while held in lawful custody . . . (7) upon incarceration at a state correctional institution as defined in K.S.A. 75-5202 and amendments thereto, while in the custody of the secretary of corrections."

K.S.A. 21-4710(d)(11) provides:

"Prior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level or applicable penalties, elevate the classification from misdemeanor to felony, *or are elements of the present crime of conviction*. Except as otherwise provided, all other prior convictions will be considered and scored." (Emphasis added.)

In support of his argument, Brown cites *State v. Taylor*, 262 Kan. 471, 939 P.2d 904 (1997). Although *Taylor* is helpful in the disposition of the present case, it does not appear to be controlling. Taylor was charged with aggravated escape from custody under K.S.A. 21-3810(a). The *Taylor* court held that all charges listed in the information for the new crime used to fulfill the element of "in lawful custody" could not be used to enhance a defendant's criminal history pursuant to K.S.A. 21-4710(d)(11), but that all other crimes could, and in fact should, be used to compute the criminal history score under that same statute. 262 Kan. at 479-80.

The key to the rationale in *Taylor* appears to be a portion of the aggravated escape statute that does not pertain to the present case due to amendment. At the time of *Taylor*, K.S.A. 21-3810(a) required, *inter alia*, that the escapee be "in lawful custody *upon a charge or conviction of a felony*." (Emphasis added). K.S.A. 21-3810(a); 262 Kan. at 479. The statute was later amended to the current version, the version in effect at the time of Brown's escape, in which there are seven alternative scenarios that are to be considered within the ambit of aggravated escape without the use of

violence or the threat of violence. See K.S.A. 2002 Supp. 21-3810(a).

The language "upon a charge or conviction of a felony" is indeed still included within K.S.A. 2002 Supp. 21-3810(a)(1) but only as one of the seven alternative scenarios under K.S.A. 2002 Supp. 21-3810(a). K.S.A. 2002 Supp. 21-3810(a)(7) does not contain this language; instead, it merely requires the escapee to have been incarcerated and in the custody of the secretary of corrections.

" 'In Kansas all crimes are statutory and the elements necessary to constitute a crime must be gathered wholly from the statute.' " *State v. Smith*, 245 Kan. 381, 396, 781 P.2d 666 (1989)(quoting *State v. Jackson*, 239 Kan. 463, Syl. ¶ 4, 721 P.2d 232 [1986]).

It follows that under K.S.A. 2002 Supp. 21-3810(a)(1), at least one crime for which an alleged escapee was convicted or charged must serve as an element of aggravated escape per *Taylor*. Since substantially different language was used in K.S.A. 2002 Supp. 21-3810(a)(7) and the seven scenarios presented under section (a) are all connected using the conjunction "or," it would belie the plain meaning of that section to require proof of conviction when criminal elements must be derived only from the statute.

It appears that proof of Brown's in-custody status was required by K.S.A. 2002 Supp. 21-3810(a)(7), not proof of a conviction that created that status. Hence, all of Brown's prior convictions were correctly included in his criminal history score. The district court did not err in denying Brown's motion.

Affirmed.