(292 P.3d 342)

No. 107,549

STATE OF KANSAS, *Appellee*, v. CECIL THACKER, *Appellant*.

Opinion filed January 18, 2013.

*Meryl Carver-Allmond*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., GREEN, J., and LARSON, S.J.

STANDRIDGE, J.: Cecil Thacker appeals from the sentence imposed by the district court after he pled no contest to attempted

tampering with an electronic monitoring device. Thacker claims his sentence was illegal because the underlying felony conviction for which he was being monitored was included in his criminal history for sentencing on the attempted tampering charge. For the reasons stated below, we hold the district court did not err in including Thacker's underlying conviction in his criminal history score for sentencing on the attempted tampering charge.

## FACTS

In 2009 Thacker was placed on parole for a conviction of aggravated indecent liberties with a child less than 14 years old. As a condition of his parole, Thacker was required to wear a GPS monitoring bracelet on his leg at all times. On May 10, 2011, a special agent with the department of corrections caught Thacker without his bracelet on.

On June 28, 2011, the State charged Thacker with one count of unlawfully tampering with electronic monitoring equipment. Thacker later pled no contest to attempted tampering with an electronic monitoring device. The presentence investigation report listed Thacker's criminal history score as "B." At sentencing, Thacker challenged this criminal history score, arguing that the conviction of aggravated indecent liberties with a child should not be counted as part of his criminal history for purposes of sentencing because it was the conviction for which he was being monitored and, thus, an element of his current offense of unlawfully tampering with electronic monitoring equipment. The district court disagreed. Based on its own independent research, the court found no reason to exclude the prior conviction for purposes of scoring the present crime. Thereafter, the district court calculated Thacker's criminal history classification as "B" based on the crimes in the presentence investigation report. The district court denied Thacker's motion for dispositional departure and sentenced him to the presumptive standard sentence of 19 months in prison with 12 months' postrelease supervision.

## ANALYSIS

As he did below, Thacker argues on appeal that his conviction

for aggravated indecent liberties should not have been included in his criminal history score under K.S.A. 2010 Supp. 21-4710(d)(11) because the conviction is an element of his present crime of conviction. Because the charge of attempted unlawfully tampering with electronic monitoring equipment requires the defendant to be on parole (or under a court order), Thacker claims this prior conviction for which he was on parole is an element of the crime.

Interpretation of a sentencing statute is a question of law, and the standard of review is unlimited. *State v. Jolly*, 291 Kan. 842, 845-46, 249 P.3d 421 (2011). Under the fundamental rule of statutory construction, the intent of the legislature governs when that intent can be ascertained from the statute. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature, rather than determine what the law should or should not be. *State v. Cox*, 258 Kan. 557, Syl. ¶ 7, 908 P.2d 603 (1995). As a general rule, a criminal statute is strictly construed in favor of the accused, meaning the court must construe any ambiguity in the statute's language in favor of the accused. This rule of strict construction, however, must be reasonable and sensible to effect legislative design and intent. *State v. Jackson*, 291 Kan. 34, 40, 238 P.3d 246 (2010).

Prior convictions of a crime are not counted in determining a defendant's criminal history category if they "are elements of the present crime of conviction." K.S.A. 2010 Supp. 21-4710(d)(11). The elements of a crime are defined as "[t]he constituent parts of a crime—[usually] [c]onsisting of the actus reus, mens rea, and causation—that the prosecution must prove to sustain a conviction." Black's Law Dictionary 597 (9th ed. 2009). In Kansas, " 'all crimes are statutory and the elements necessary to constitute a crime must be gathered wholly from the statute.' " *State v. Smith*, 245 Kan. 381, 396, 781 P.2d 666 (1989), *disapproved on other grounds by State v. Schoonover*, 281 Kan. 453, 133 P.3d 48 (2006).

Because the real question is whether the conviction was an element of the present crime of conviction "pursuant to the statutory definition," it does not matter what was included in the charging document or in the statement of facts at the plea hearing. *State v. Lenz*, No. 95,498, 2007 WL 1309604, at *1 (Kan. App. 2007) (un-

published opinion). Thus, in deciding similar issues under K.S.A. 2010 Supp. 21-4710(d)(11), Kansas courts have looked to the plain meaning of the statutory language to determine whether a prior conviction is an element of the defendant's present crime of conviction.

In *State v. Taylor*, 262 Kan. 471, 479, 939 P.2d 904 (1997), *abrogated on other grounds by State v. Berreth*, 294 Kan. 98, 124, 273 P.3d 752 (2012), our Supreme Court held that the defendant's underlying felony conviction for which he was in custody at the time of his escape was an element of his present aggravated escape from custody charge and therefore could not be used for criminal history purposes. This conclusion turned on the language of the statute in place at the time, which required that the escapee be "in lawful custody upon a charge or conviction of felony." K.S.A. 21-3810(a) (Furse 1995); *Taylor*, 262 Kan. at 479.

After *Taylor* was decided, however, the legislature amended the statutory scheme to include alternative categories of escape from custody, so that one category still required the defendant be held in lawful custody "upon a charge or conviction of a felony" while another only required the defendant be in lawful custody "upon incarceration at a state correctional institution . . . while in the custody of the secretary of corrections." K.S.A. 2006 Supp. 21-3810(a); see *Lenz*, 2007 WL 1309604, at *2. In *State v. Brown*, 32 Kan. App. 2d 24, 80 P.3d 404, *rev. denied* 276 Kan. 970 (2003), this court examined the amended escape from custody statute and concluded that the language used in the new category was substantially different from that of the old statute in *Taylor*. Specifically, the court found that "it would belie the plain meaning of that section to require proof of conviction when criminal elements must be derived only from the statute." *Brown*, 32 Kan. App. 2d at 27. The court ultimately held that the statute required proof of Brown's in-custody status, not proof of the conviction that created that status, so the district court correctly included the defendant's prior convictions in his criminal history score. 32 Kan. App. 2d at 27.

In *State v. Perez-Moran*, 276 Kan. 830, 837-38, 80 P.3d 361 (2003), our Supreme Court approved of the *Brown* court's reason-

ing. See *Lenz*, 2007 WL 1309604, at *2. The court rejected the defendant's argument that his prior convictions were necessary to establish that he was in the custody of the Secretary of Corrections and thus were elements of battery against a law enforcement officer. *Perez-Moran*, 276 Kan. at 831-32, 835. Specifically, the court found the statute in that case defined attempted battery against a law enforcement officer as battery " 'committed against a state correctional officer or employee *by a person in custody of the secretary of corrections*, while such officer or employee is engaged in the performance of such officer's . . . duty.' " (Emphasis added.) K.S.A. 2002 Supp. 21-3413(a)(2); *Perez-Moran*, 276 Kan. at 833. The court concluded the plain language of the statute only required the State to prove an inmate was in custody, not *why* the inmate was in such custody. 276 Kan. at 835. Distinguishing the case from *Taylor*, the court observed that "aggravated escape from custody required that the defendant be 'in lawful custody upon a charge or conviction of a felony,' while the charge in this case, battery against a law enforcement officer, requires only that the defendant be 'in custody of the secretary of corrections' " as an essential element of the offense. 276 Kan. at 836-37. The court relied on the *Brown* court's interpretation of "statutory language similar to that in this case," noting that the post-*Taylor* amendments to the escape from custody statute made clear that the legislature made a distinction between being held in the custody of the Secretary of Corrections and being held in lawful custody upon a charge or conviction of a felony. 276 Kan. at 837-38.

In Thacker's case, the present crime of conviction is unlawfully attempting to tamper with electronic monitoring equipment under K.S.A. 21-4232(a) (Torrence 2007). This statute provides that "[u]nlawfully tampering with electronic monitoring equipment is intentionally removing, disabling, altering, tampering with, damaging or destroying any electronic monitoring equipment used pursuant to court order or as a condition of parole." The plain language of the statute identifies the elements of the crime as (1) intentionally removing, disabling, altering, tampering with, damaging, or destroying (2) any electronic monitoring equipment used (3) pursuant to court order or as a condition of parole. Stated differently,

the elements are (1) the act of intentionally tampering with electronic monitoring equipment, (2) by someone under a court order or who is on parole, (3) which requires him or her to wear electronic monitoring equipment.

Just as our Supreme Court did in *Perez-Moran*, we use our state courts' interpretation of "statutory language similar to that in this case" to determine whether the plain language of the statute at issue includes a prior conviction as an element of the crime. As in *Brown* and *Perez-Moran*, the plain language of the unlawfully tampering with electronic monitoring equipment statute requires only proof of Thacker's status of being on parole, not proof of the conviction that created that status. See *Brown*, 32 Kan. App. 2d at 27. Unlike the statute in *Taylor*, the statute here does not further define "parole" using the words "upon a charge or conviction." See *Taylor*, 262 Kan. at 479. As the post-*Taylor* amendments to the escape from custody statute demonstrate, the legislature is well aware of how to make a conviction an element of a crime but clearly chose not to do so in K.S.A. 21-4232(a) (Torrence 2007). See *Lenz*, 2007 WL 1309604, at *2. Thus, the State need only prove that Thacker was on parole, not *why* he was on parole. See *Perez-Moran*, 276 Kan. at 835.

Our conclusion that the conviction is not included in the statutory definition of the crime in this case is bolstered by Thacker's own citation to *State v. Loudermilk*, 221 Kan. 157, 160, 557 P.2d 1229 (1976), in which the court noted that "where a prior conviction is a necessary element of the crime, the fact of prior conviction is contained in the *statutory definition of the crime* rather than in the *penalty section* of the statute." Furthermore, and despite Thacker's arguments to the contrary in his brief, the elements of a crime are "gathered wholly from the statute," so neither the language used in the complaint nor the factual basis for the crime presented at the plea hearing are relevant to our determination. See *Smith*, 245 Kan. at 396.

As a final argument, Thacker contends that his case is similar to *State v. Pottoroff*, 32 Kan. App. 2d 1161, 96 P.3d 280 (2004). In that case, the State argued, just as it does here, the failure to register as a sex offender statute did not expressly require a conviction

to prove the defendant was required to register, but the court rejected that argument and found the conviction that created the registration requirement was "necessarily" an element of failure to register and thus could not be counted in the defendant's criminal history score. 32 Kan. App. 2d at 1165-67. However, the court's reasoning in *Pottoroff* is distinguishable because it found the entire statutory scheme at issue was dependent on the statutory definitions of "offender," all of which required a conviction. 32 Kan. App. 2d at 1166-67. The unlawfully tampering with electronic monitoring equipment statute at issue here, however, is not dependent on any definitions. Unlike *Pottoroff*, there is no definition of "parole" provided anywhere in the statutory scheme, much less any wording requiring a "conviction." Likewise, Thacker's citation to *State v. Vontress*, 266 Kan. 248, 260, 970 P.2d 42 (1998), *disapproved on other grounds by State v. Schoonover*, 281 Kan. 453, 133 P.3d 48 (2006), is misplaced because that case addressed the issue of calculating the criminal history score when multiple convictions arise out of the same complaint, which is not an issue in Thacker's case. In addition, the criminal possession of a firearm statute discussed in *Vontress* actually required the crime be committed "by a person who, within the preceding five years has been *convicted* of a felony." (Emphasis added.) K.S.A. 21-4204(a)(3) (Furse 1995); see *Vontress*, 266 Kan. at 259.

In sum, we find Thacker's prior conviction was not an element of the present crime and therefore was properly included in his criminal history classification.

Affirmed.