NOT DESIGNATED FOR PUBLICATION

No. 117,939

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EDDY RICHARD BRIONES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed December 7, 2018. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan* and *Jacob M. Gontesky*, assistant district attorneys, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., MALONE and STANDRIDGE, JJ.

BUSER, J.: Eddy Richard Briones was found guilty of one count of unlawful tampering with electronic monitoring equipment. He appeals the conviction, contending the district court was without jurisdiction to find him guilty of the offense because the removal of his electronic monitoring device occurred in Missouri, not in Johnson County, Kansas. Upon our review, we hold the district court had jurisdiction to hear the case and render a verdict. Accordingly, we affirm.

1

The State charged Briones with one count of tampering with electronic monitoring equipment, see K.S.A. 2017 Supp. 21-6322, a severity level 6 nonperson felony. On September 28, 2016, the Johnson County District Court held a bench trial based on a stipulation of facts. That stipulation stated in relevant part:

"1.    On January 20, 2016, the Defendant, Eddie Briones, appeared at the Overland Park Municipal Court in Overland Park, Johnson County, Kansas following his theft conviction . . . . The Defendant was ordered by the court to complete 60 days house arrest.

"2.    The house arrest was ordered to begin on January 29, 2016, and end on March 29, 2016. The house arrest was to be served [in] . . . Kansas City, Kansas, . . . . The court ordered house arrest was to be supervised by the Johnson County Community Corrections House Arrest Division (House Arrest). The House Arrest office is located [in] . . . Johnson County, Kansas.

"3.    On January 29, 2016, the Defendant went to the House Arrest . . . office to obtain his house arrest bracelet. The Defendant was given a house arrest electronic monitoring bracelet . . . . The Defendant also signed a Johnson County Department of Corrections Electronic Monitoring Contract (House Arrest Contract) . . . .

"4.    On January 30, 2016, House Arrest received information that the Defendant may have been consuming alcohol in violation of his House Arrest Contract. House Arrest attempted to contact the Defendant via telephone . . . but they were unsuccessful. House Arrest attempted to have police from Kansas City, Kansas attempt to locate the Defendant at the address he provided . . . in Kansas City, Kansas, but he was not located at the residence.

"5.    House Arrest staff was able to determine the location of the bracelet assigned to the Defendant. They were able to see that the bracelet left the Defendant's Kansas City, Kansas residence at 5:02 p.m. on January 30, 2016 and went to . . . Kansas City, Missouri. At 5:32 p.m., House Arrest received an alert that the Defendant's bracelet had been tampered with. House Arrest made several attempts to call the Defendant and his emergency contact, but was unable to contact anyone. At 5:40

2

p.m., House Arrest declared the Defendant Absent without Leave from the House Arrest Program.

"6.     Later on January 30, 2016, at 6:11 p.m., Kansas City, Missouri Police eventually located the bracelet . . . in Kansas City, Missouri. The bracelet was not on the Defendant's person, nor was the Defendant located near the bracelet. The bracelet was eventually returned to the House Arrest Office . . . . The bracelet was undamaged. The Defendant had not been given permission by House Arrest to remove the bracelet.

"7.     The Defendant was not located until May 31, 2016."

During the bench trial, Briones' counsel raised the issue of jurisdiction. In particular, defense counsel argued that the stipulated facts showed the "tampering event" occurred in Missouri and, therefore, the district court did not have jurisdiction over the case. Additionally, defense counsel argued that the municipal court which placed Briones on house arrest was not a court within the definition of K.S.A. 2017 Supp. 21-6322.

The district court overruled Briones' objections, holding that jurisdiction was proper in Kansas. Briones was found guilty as charged. On March 27, 2017, the district court granted Briones' motion for a downward durational departure and sentenced him to 18 months' imprisonment. He appeals.

JURISDICTION

On appeal, Briones contends the Johnson County District Court was without jurisdiction to find him guilty of unlawfully tampering with electronic monitoring equipment. In particular, he argues that the gravamen of the crime occurred in Missouri, precluding Johnson County of jurisdiction. Briones also asserts that he was not under court ordered supervision in this case—rather, he was on house arrest for technical probation violations.

3

Whether jurisdiction exists is a question of law over which this court's review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). Resolution of Briones' argument on appeal requires statutory interpretation which is also a question of law over which this court has unlimited review. See *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

K.S.A. 2017 Supp. 21-5106 establishes the parameters for jurisdiction under the Kansas Criminal Code:

"(a) A person is subject to prosecution and punishment under the law of this state if:

(1) The person commits a crime wholly or partly within this state;

. . . .

"(b) A crime is committed partly within this state if:

(1) An act which is a constituent and material element of the offense;

(2) an act which is a substantial and integral part of an overall continuing criminal plan; or

(3) the proximate result of such act, occurs within the state."

Briones was charged with unlawfully tampering with electronic monitoring equipment in violation of K.S.A. 2017 Supp. 21-6322(a). That statute defines the crime as "knowingly and without authorization, removing, disabling, altering, tampering with, damaging or destroying any electronic monitoring equipment used pursuant to court ordered supervision or as a condition of post-release supervision or parole." K.S.A. 2017 Supp. 21-6322(a).

In *State v. Thacker*, 48 Kan. App. 2d 515, 519-20, 292 P.3d 342 (2013), our court summarized the elements of the offense:

4

"The plain language of the statute identifies the elements of the crime as (1) intentionally removing, disabling, altering, tampering with, damaging, or destroying (2) any electronic monitoring equipment used (3) pursuant to court order or as a condition of parole. Stated differently, the elements are (1) the act of intentionally tampering with electronic monitoring equipment, (2) by someone under a court order or who is on parole, (3) which requires him or her to wear electronic monitoring equipment."

In applying the jurisdictional requirements of K.S.A. 2017 Supp. 21-5106(a)(1) to the facts and circumstances of the crime of unlawfully tampering with electronic monitoring equipment as provided in K.S.A. 2017 Supp. 21-6322(a), it is apparent the crime did not occur wholly within Kansas. The question then becomes was the crime committed partly within this state, which is another means by which jurisdiction may be established under K.S.A. 2017 Supp. 21-5106(b).

In ruling that it had jurisdiction, the district court specifically considered the elements of the crime as provided in K.S.A. 2017 Supp. 21-6322(a) and the provisions of the jurisdiction statute, K.S.A. 2017 Supp. 21-5106(b)(1). The district judge concluded:

"The court order issued out of the state of Kansas, out of the Overland Park Municipal Court, and the supervision occurred at the house arrest facility, which is located in Johnson County Kansas.

"I believe that both the act of supervision and that the court order issuing from this state and this county gives the Court jurisdiction to hear this case, because part of the crime or a constituent material element of this crime occurred in this state."

Under the circumstances of this case and the provisions of K.S.A. 2017 Supp. 21-5106(b)(1), is an act that occurred in Johnson County a constituent and material element of the offense of tampering with electronic monitoring equipment? K.S.A. 2017 Supp. 21-6322(a) requires in relevant part that the person's electronic monitoring equipment was used "pursuant to court ordered supervision." Briones argues that "[b]oth the statute, K.S.A. [2017 Supp.] 21-6322, and the charging document required proof of court-ordered

5

supervision. There was no court-ordered supervision in this case." As a consequence, Briones claims that although the requirement of court ordered supervision was a constituent and material element of the offense necessary to establish jurisdiction, under the facts and circumstances of this case it was never shown.

Briones' argument is contrary to paragraph one of the stipulated facts wherein it states that he "was ordered by the court to complete 60 days house arrest." Moreover, in paragraph two of the stipulated facts it states: "The court ordered house arrest was to be supervised by the Johnson County Corrections House Arrest Division (House Arrest)." Evidence that the Overland Park Municipal Court was ultimately responsible for ordering Briones' supervision by Johnson County Community Corrections is also found in the house arrest contract which was incorporated into the factual stipulation in the third paragraph. The contract states in relevant part: "I have read, or have had read to me, fully understand, and agree to abide by all conditions of supervision and any special conditions of supervision designated while on House Arrest status. . . . I further understand that this contract may be modified or denied by the Sentencing Court."

Our court, like the district court, the State, and Briones, is bound by the stipulated facts submitted by the parties:

> "Generally, such stipulations bind the parties as judicial admissions. Moreover, a reviewing court is generally bound by stipulations of facts. 'When parties submit stipulated facts to a tribunal and the tribunal does not allow the parties to withdraw the stipulations, the parties are subject to those stipulations, and a trial court or appellate court must render judgment based on those stipulated facts.' *Double M Constr. v. Kansas Corporation Comm'n*, 288 Kan. 268, Syl. ¶ 1, 202 P.3d 7 (2009)." *State v. Stegman*, 41 Kan. App. 2d 568, 571, 203 P.3d 52 (2009).

A plain reading of the stipulated facts makes evident that at the time the electronic monitoring bracelet was removed, Briones was under court ordered supervision which

required him to wear the bracelet. In the language of *Thacker*, the stipulated facts proved the second and third constituent and material elements of the offense: "2) any electronic monitoring equipment used (3) pursuant to court order . . . ." 48 Kan. App. 2d at 519. These two elements both occurred in Johnson County, Kansas, meaning this crime was partially committed within the state under K.S.A. 2017 Supp. 21-5106(b)(1). As a result, the Johnson County District Court did not err in ruling that it had jurisdiction to hear the case and render a verdict.

The district court also considered whether jurisdiction was established because the proximate result of an act occurred within the state. See K.S.A. 2017 Supp. 21-5106(b)(3). In considering this subsection, the district judge ruled:

> "I also think the proximate result of the defendant's actions occurred within the state, that being, he was no longer under supervision once he removed the bracelet.
> "The proximate result of his act occurred at a house arrest office in Johnson County, Kansas, which I also think provides the Court jurisdiction to hear this case in the state of Kansas."

Briones contends the proximate result of this crime did not occur in Kansas and, therefore, the district court lacked jurisdiction. He reprises his argument that he was not under "supervision" when he removed the bracelet, so the inability to supervise him is not the proximate result of the crime. We disagree.

The obvious purpose of the municipal court ordering Briones to wear an electronic monitoring bracelet was to supervise his movements while he was on court ordered house arrest. The proximate result of Briones removing the bracelet was that the Overland Park Municipal Court and Johnson County Community Corrections lost their ability to regulate Briones activities and insure compliance with the court order issued from a Kansas municipal court. In this way, the proximate result of Briones removing the electronic monitoring device in Missouri adversely impaired the municipal court in

Kansas from supervising him and insuring compliance with the court's order of house arrest. In short, the Johnson County District Court also had jurisdiction over this case under K.S.A. 2017 Supp. 21-5106(b)(3).

In summary, we hold the district court did not err in concluding that it had jurisdiction to render a judgment in this case under K.S.A. 2017 Supp. 21-5106(b)(1) and (3). Given this holding, we decline to address the State's other arguments in support of the district court's jurisdiction.

Affirmed.