NOT DESIGNATED FOR PUBLICATION

No. 122,480

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT G. TERRELL,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed April 23, 2021. Affirmed in part and dismissed in part.


*Kristen B. Patty*, of Wichita, for appellant, and *Robert G. Terrell*, appellant pro se.


*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., BRUNS and SCHROEDER, JJ.


PER CURIAM: Entering a plea of guilty has consequences. Robert G. Terrell now appeals from the sentence imposed following his guilty plea for unlawfully tampering with electronic monitoring equipment. Terrell alleges the district court erred in failing to pronounce the applicable period of postrelease supervision at the time of sentencing. In his pro se supplemental brief, Terrell raises two additional issues: (1) The district court lacked subject matter jurisdiction; and (2) he should have been given a lesser sentence under the identical offense sentencing doctrine. For reasons we explain below, we affirm in part and dismiss in part.

FACTS

Terrell was charged with unlawfully tampering with electronic monitoring equipment. Pursuant to a plea agreement, Terrell pled guilty as charged. In exchange for his plea, the State agreed to recommend the midrange number in the appropriate sentencing grid box. However, at sentencing, Terrell argued he should only be sentenced for a severity level 9 felony—criminal damage to property—under the identical offense sentencing doctrine. The district court denied Terrell's request for a lesser sentence under the identical offense doctrine, finding there were some areas of overlap but also some distinctions between the offenses. The district court then announced Terrell's conviction carried a prison sentence of "38, 36 or 34 months and a [postrelease] supervision period of 24 months." The district court indicated it would impose the low number in the appropriate sentencing grid box—34 months' imprisonment.

ANALYSIS

I.    TERRELL WAS PROPERLY SENTENCED.

Terrell argues the district court erred by failing to announce the applicable period of postrelease supervision at the time of sentencing; thus, he asserts his sentence is illegal within the meaning of K.S.A. 2020 Supp. 22-3504(c)(1). Whether a sentence is illegal is a question of law subject to unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Interpretation of sentencing statutes is also a question of law subject to unlimited review. *State v. Warren*, 307 Kan. 609, 612, 412 P.3d 993 (2018).

The district court must announce the complete sentence to be imposed—including potential good time credit and the applicable period of postrelease supervision—at the time of sentencing. K.S.A. 2020 Supp. 21-6804(e)(2); *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012); *State v. Gaudina*, 284 Kan. 354, 358, 160 P.3d 854 (2007).

Postrelease supervision is a distinct component of the defendant's sentence. 284 Kan. at 362. As the State points out in its brief: "There is no requirement that the court impose the postrelease period and the confinement portion of the sentence in a single breath."

Terrell's argument is unpersuasive and not supported by the record. The district court clearly indicated the applicable term of imprisonment—34 months; the maximum amount of good time credit Terrell could receive; and the applicable period of postrelease supervision—24 months. This was done in open court with Terrell present. The district court also gave Terrell the opportunity to present argument and mitigating evidence on his behalf prior to imposing his sentence as required by K.S.A. 2020 Supp. 22-3424(e). Terrell has demonstrated no error. His sentence was lawfully imposed and included his 24-month period of postrelease supervision.

II.    TERRELL'S PRO SE JURISDICTIONAL ARGUMENT FAILS.

In his pro se brief, Terrell asserts the district court lacked subject matter jurisdiction to convict and sentence him. He complains electronic monitoring was not imposed by court order, nor was he given formal written notice by his parole officer that electronic monitoring would be a term of his parole. Finally, he claims the State's complaint failed to demonstrate electronic monitoring was a condition of parole.

Terrell's argument is unpersuasive and problematic. He pled guilty to the charged offense. By doing so, Terrell cannot challenge his conviction, except for lack of subject matter jurisdiction, nor can he assert a defect in the State's complaint, other than a failure of the complaint to properly establish the district court's subject matter jurisdiction. See K.S.A. 2020 Supp. 22-3208(4); K.S.A. 2020 Supp. 22-3602(a).

Whether jurisdiction exists is a question of law subject to unlimited review. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). "'Subject matter jurisdiction is the

power of the court to hear and decide a particular type of action.' *State v. Matzke*, 236 Kan. 833, 835, 696 P.2d 396 (1985)." *State v. Dunn*, 304 Kan. 773, 784, 375 P.3d 332 (2016). The *Dunn* court held:

"Charging documents do not bestow or confer subject matter jurisdiction on state courts to adjudicate criminal cases; the Kansas Constitution does. Charging documents need only show that a case has been filed in the correct court, *e.g.*, the district court rather than municipal court; show that the court has territorial jurisdiction over the crime alleged; and allege facts that, if proved beyond a reasonable doubt, would constitute a Kansas crime committed by the defendant." 304 Kan. at 811.

In its complaint, the State alleged Terrell "unlawfully, knowingly and without authorization remove[d], disable[d], alter[ed], tamper[ed] with, damage[d], or destroy[ed] electronic monitoring equipment, to wit: Global Positioning System monitoring device, used pursuant to court ordered supervision or as a condition of post release supervision or as a condition of parole." The State further alleged these acts occurred on or about June 25, 2018, in Sedgwick County and constituted a felony offense under K.S.A. 2017 Supp. 21-6322(a). The State's complaint properly alleged facts that, if true, would constitute a crime under Kansas law and showed the charge had been filed in the appropriate court, Sedgwick County. Terrell fails to demonstrate a lack of subject matter jurisdiction.

In examining the substance of his argument, it appears Terrell is trying to make an improper challenge to the sufficiency of the evidence. "We have repeatedly held that when judgment and sentence are entered upon a voluntary plea of guilty there can be no review of the sufficiency of the evidence." *Toland v. State*, 200 Kan. 184, 186-87, 434 P.2d 550 (1967); *State v. Hall*, 292 Kan. 862, 866, 257 P.3d 263 (2011); see K.S.A. 2020 Supp. 22-3602(a) ("No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere."). A defendant must move to withdraw a plea and have the motion denied by the district court before appealing the conviction. Failure to do so deprives us of jurisdiction. *Hall*, 292 Kan. at

4

866-67. Here, Terrell never moved to withdraw his plea. Because Terrell pled guilty, we lack jurisdiction to review his claim on appeal. Accordingly, we dismiss Terrell's lack of jurisdiction claim.

III.    THE IDENTICAL OFFENSE DOCTRINE DOES NOT APPLY.

Terrell further argues he should have been given a lesser sentence under the identical offense doctrine. Specifically, he asserts he should have been sentenced for criminal damage to property, a severity level 9 nonperson felony. See K.S.A. 2020 Supp. 21-5813(a)(1) and (c)(2). "Under [the identical offense sentencing] doctrine, where two offenses have identical elements, an offender can be sentenced to only the less severe penalty applying to the two offenses." *State v. Snellings*, 294 Kan. 149, 150, 273 P.3d 739 (2012). Whether the identical offense doctrine applies is a question of law subject to unlimited review. 294 Kan. at 152. To the extent this issue requires us to interpret statutes, it also presents a question of law subject to unlimited review. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019).

"The principle behind the identical offense sentencing doctrine . . . is: '"Where two criminal offenses *have identical elements* but are classified differently for purposes of imposing a penalty, a defendant convicted of either crime may be sentenced only under the lesser penalty provision."' [Citations omitted.]" *Snellings*, 294 Kan. at 151. As our Supreme Court explained:

> "[T]here are three situations where offenses may have identical provisions: (1) where one offense is a lesser included offense of the other; (2) where some provisions in two statutes overlap, the overlapping provisions apply to the charged crime, and the overlapping provisions are identical except for the penalty provisions; and (3) where all provisions in two statutes are identical except for the penalty provisions. The identical offense sentencing doctrine applies to the second and third situations.

"'. . . When two statutes contain overlapping provisions, this court must examine the facts in order to determine the area of overlap. Once it is determined which provisions of a statute apply, the only question is whether the overlapping provisions contain identical elements. That determination is made from the statute.' [Citations omitted.]" 294 Kan. at 152.

Terrell accepted the plea agreement and pled guilty to unlawfully tampering with electronic monitoring equipment. K.S.A. 2020 Supp. 21-6322(a) defines this crime as "knowingly and without authorization, removing, disabling, altering, tampering with, damaging or destroying any electronic monitoring equipment used pursuant to court ordered supervision or as a condition of [postrelease] supervision or parole." The offense is a severity level 6 nonperson felony. K.S.A. 2020 Supp. 21-6322(b).

Under K.S.A. 2020 Supp. 21-5813(a)(1), criminal damage to property is defined as: "[B]y means other than by fire or explosive . . . [k]nowingly damaging, destroying, defacing or substantially impairing the use of any property in which another has an interest without the consent of such other person." The severity level of the offense depends on the value of the property. See K.S.A. 2020 Supp. 21-5813(c). Here, the value of the electronic monitoring equipment was $1,045. If Terrell had been charged with criminal damage to property, the offense would have been a severity level 9 nonperson felony. See K.S.A. 2020 Supp. 21-5813(c)(2).

The elements of unlawfully tampering with electronic monitoring equipment are "(1) the act of intentionally tampering with electronic monitoring equipment, (2) by someone under a court order or who is on parole, which (3) requires him or her to wear electronic monitoring equipment." *State v. Thacker*, 48 Kan. App. 2d 515, 520, 292 P.3d 342 (2013); see K.S.A. 2020 Supp. 21-6322(a); PIK Crim. 4th 63.131 (2013 Supp.). In contrast, the elements for criminal damage to property are (1) knowingly or purposefully damaging, destroying, defacing or substantially impairing the use of any property, (2) owned by someone other than the defendant, (3) without the owner's consent. K.S.A.

6

2020 Supp. 21-5813(a)(1); see *In re D.A.*, 40 Kan. App. 2d 878, 892, 197 P.3d 849 (2008); PIK Crim. 4th 58.190 (2015 Supp.).

Upon review, we find the elements of the offenses are not identical. While both offenses require the defendant act knowingly, unlawful tampering with electronic monitoring equipment refers to a specific type of property—electronic monitoring equipment; criminal damage to property is damage to or destruction of any kind of property. Compare K.S.A. 2020 Supp. 21-6322(a) with K.S.A. 2020 Supp. 21-5813(a)(1). The nature of the conduct involved also differs significantly. Tampering with electronic monitoring equipment is committed by a person under postrelease supervision or on parole by removing, disabling, altering, or tampering with specific equipment used under court order or as a condition of parole or postrelease supervision. To be clear, the offense can also be committed by damaging or destroying such equipment, but such damage or destruction is not an essential element of the offense. See K.S.A. 2020 Supp. 21-6322(a). In contrast, criminal damage to property is damage, destruction, defacing or substantial impairment to property not specific to any particular use or any special status of the owner or user thereof. K.S.A. 2020 Supp. 21-5813(a)(1).

The offenses of unlawfully tampering with electronic monitoring equipment and criminal damage to property are not identical. The two offenses are distinct in terms of the nature and scope of the conduct involved, the nature and use of the subject property, and the status of the person(s) involved. The district court properly denied Terrell's request for a lesser sentence under the identical offense doctrine.

Affirmed in part and dismissed in part.